UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>                  Plaintiff,<br><br>        v.<br><br>A. LANE, et al.,<br><br>                  Defendants. | No.  2:23-cv-02174-CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### II. Allegations in the Amended Complaint

Before the court could screen plaintiff's complaint constructively filed on October 2, 2023, plaintiff filed a first amended complaint. Because the amended complaint supersedes the original complaint, the court will proceed to screen the first amended complaint.

In the amended complaint, plaintiff alleges that defendants Mahenski, Yderraga, and Harrod all refused to deliver his incoming mail consisting of 9 envelopes with 20 photographs each because they contained an "unidentified substance." Plaintiff describes the unidentified substance as a black Sharpie marker that was used to obscure nudity in the photographs. Plaintiff alleges that there is no legitimate penological interest achieved in denying him this incoming mail. As a result, plaintiff alleges that these defendants violated his First Amendment right to receive mail.

Plaintiff also names two additional defendants in the amended complaint who are employed at the Office of Administrative Appeals: defendants Lane and Moseley who denied plaintiff's subsequent administrative grievance concerning the denial of his mail.

### III. Legal Standards

**A. Linkage**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### IV. Analysis

Having conducted the required screening with respect to plaintiff's amended complaint (ECF No. 5), the court finds that plaintiff may proceed on the First Amendment claim against defendants Mahenski, Yderraga, and Harrod. With respect to defendants Lane and Moseley, the allegations do not amount to claims upon which plaintiff may proceed because they merely reviewed plaintiff's subsequent administrative grievance challenging the denial of his incoming mail. See George v. Smith, 507 F.3d at 609.

At this point, plaintiff has two options. Plaintiff may: 1) proceed immediately on the claim against defendants Mahenski, Yderraga, and Harrod; or 2) attempt to cure the deficiencies with respect to the remaining two defendants by filing a second amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff

elects to proceed on the claims found cognizable in this screening order, the court will construe plaintiff's election as consent to dismiss defendants Lane and Moseley pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**V.     Leave to Amend**

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the First Amendment claim against defendants Mahenski, Yderraga, and Harrod; or, 2) amend the complaint to fix the problems identified in this order with respect to defendants Lane and Moseley.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing defendants Lane and Moseley.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claims identified in this order or file an amended complaint in an attempt to cure the deficiencies with respect to defendants Lane and Moseley.

4. If plaintiff elects to proceed only on the claims found cognizable in this screening order, the court will construe plaintiff's election as consent to dismiss defendants Lane and Moseley pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

5. If plaintiff fails to return the attached Notice of Election within the time provided, this case will proceed only on the cognizable claims identified above.

Dated: December 6, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

.

12/rams2174.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>    Plaintiff,<br><br> v.<br><br>A. LANE, et al.,<br><br>    Defendants. | No. 2:23-cv-02174-CKD<br><br><br>NOTICE OF ELECTION |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the First Amendment claim against defendants Mahenski, Yderraga, and Harrod. By proceeding only on these cognizable claims, plaintiff understands that he is agreeing to voluntarily dismiss without prejudice defendants Lane and Moseley pursuant to Federal Rule of Civil Procedure 41(a).

 **OR**

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:







                        Plaintiff's Signature